Rapallo, J.
The claim of the plaintiff to recover in this action depends wholly upon the validity of the order of the commissioner of highways of the town of Boonville, made in October, 1872, discontinuing that part of the old highway, upon which the alleged trespasses were committed. Unless that portion of the highway had been legally discontinued, the *456 plaintiff had no right to inclose it, and the defendant was justified in removing the obstructions which the plaintiff had placed there.
It appears from the findings of the referee, that the proceedings of the commissioner of highways were reviewed on certiorari by the Supreme Court, and were reversed by that court in December, 1873. • This reversal was after the commission of the alleged trespasses, but it establishes that the proceedings of the commissioner of highways in discontinuing the road were illegal and of no effect from the beginning, and conferred upon the plaintiff no right to inclose the premises in question. The judgment of the Supreme Court, so long as it remains unreversed, is conclusive upon that point, and its correctness cannot be questioned collaterally. It is therefore needless to express any opinion upon the question whether the fact that four years had not elapsed since the determination of the same matter by referees, on appeal from the order made in 1871, rendered the proceedings in 1872 void.
The appellant contends that the defendant cannot avail himself of the judgment of reversal of those proceedings, for the reason that he has not pleaded it. There was no occasion for pleading it. The proceedings were not alleged in the complaint. The plaintiff alleged that the defendant broke his close, to which the defendant answered that the locus in quo was a public highway. It appeared that it had been a public highway for nearly forty years. The plaintiff relied upon the proceedings of the commissioner, to prove his title by showing that the highway had been discontinued. The defendant had the right to meet this claim by showing that the proceedings relied upon by the plaintiff had been reversed. Furthermore, it does not appear that the point was taken at the trial that this proof was not admissible under the pleadings, and that is of itself a sufficient ground for not entertaining it here.
The judgment should be affirmed, with costs.
All concur.
Judgment affirmed.